**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2763-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAWRENCE D. THOMAS, JR.,

    Defendant-Appellant.

_____

Submitted March 11, 2019 – Decided March 21, 2019

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-01-0191.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Marky A. Suazo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a July 24, 2017 order denying his petition for post-conviction relief (PCR). Defendant contends that his trial counsel rendered ineffective assistance by failing to call "many" witnesses and by "pressur[ing]" defendant not to testify.[1] We disagree and affirm.

On appeal, defendant argues:

> POINT I
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PCR PETITION BECAUSE THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DEPRIVED [DEFENDANT] OF A FAIR TRIAL AND RENDERED THE JURY'S VERDICT AS FUNDAMENTALLY UNRELIABLE.
>
> POINT II
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PCR PETITION WITHOUT HAVING CONDUCTED AN EVIDENTIARY HEARING TO ADDRESS [DEFENDANT'S] CLAIMS FOR WHICH HE ESTABLISHED A PRIMA FACIE CASE IN SUPPORT OF THE INEFFECTIVE ASSISTANCE OF COUNSEL.

We conclude that defendant's contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the

---

[1] We affirmed defendant's drug and weapons convictions, State v. Thomas, No. A-3735-12 (App. Div. Jan. 13, 2015), and the Supreme Court denied defendant's petition for certification.

reasons set forth by Judge Christopher R. Kazlau in his well-reasoned and thorough oral decision spanning twenty-nine pages in the transcript dated July 10, 2017. We add the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). We conclude that defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits. And we conclude further that defendant has failed to satisfy either prong of Strickland.

Defendant's trial counsel called two witnesses: one of defendant's sisters (the sister) and defendant's lifelong friend (the friend), who was arrested with defendant on the date of the incident. The PCR certifications of his other sister,

mother, and other friend assert that defendant did not live at the residence, which is what the sister and friend said at trial. Thus, they would not have added any new facts. Instead, they would have reiterated the testimony of the sister and the friend. Even if trial counsel should have called the three witnesses – which is not the case – there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Contrary to defendant's contention, trial counsel did not dissuade him from testifying. During the trial, the judge questioned defendant on the record to determine whether defendant was knowingly and voluntarily waiving his right to testify:

> Judge: You understand that you have the absolute right to testify or not to testify in any [c]ourt proceeding?
>
> Defendant: I understand.
>
> Judge: Okay. Now, [trial counsel] has provided legal advice to you, but ultimately the decision is yours to make. You could testify or not testify. It has been explained to you that once you are on the stand any prior convictions can be used to impeach your credibility.
>
> Defendant: Yes, sir.

4

Judge: Understood? And as a result of this, this has become part of what you might call a trial strategy for you not to testify?

Defendant: Yes, sir.

Judge: In consultation with [trial counsel] you have made this decision?

Defendant: Yes, I understand.

Defendant conceded that the decision about whether to testify was solely his and that he knew if he testified, his prior convictions would be evidential. We conclude that defendant's election not to testify was knowing, voluntary, and without any evidence of pressure or coercion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2763-17T1